UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY JINDAL

CIVIL ACTION

VERSUS

14-534-SDD-RLB

UNITED STATES DEPARTMENT
OF EDUCATION, ET AL.

RULING

Before the Court is the Defendant's[1] *Motion to Exclude Late-Disclosed Witness Testimony*.[2] The Motion is opposed by the Plaintiff, Governor Bobby Jindal.[3] This matter is set for hearing on the Plaintiff's *Motion for Preliminary Injunction*[4] on May 28, 2015. The Court's Scheduling Order provides "Discovery due by 5/8/2015".[5] On May 8th, the last day of the discovery period, the Plaintiff identified a "fact" witness, Ms. Shawna Dufrene, whom he intends to call at the preliminary injunction hearing.[6]

Defendants move, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, to exclude the testimony of Ms. Dufrene at the May 28, 2015 preliminary injunction hearing. Defendants argue that,

> Plaintiff waited until 5:22 p.m. on May 8, 2015, the last day of discovery prior to the evidentiary hearing on his motion for preliminary injunction, to disclose the identity of a witness whom he intends to call to testify at that hearing. The timing of the disclosure made it impossible for Defendants to depose or otherwise seek discovery concerning the witness during the discovery period, and the disclosure is thus untimely.

---

[1] The United States Department of Education and Arne Duncan, Secretary of the U.S. Department Education, in his official capacity.
[2] Rec. Doc. 44.
[3] Rec. Doc. 50.
[4] Rec. Doc. 2.
[5] Rec. Doc. 37.
[6] Plaintiff asserts that the witness, Ms. Dufrene, is a school teacher who will be offered for the limited purpose of discussing how standards and assessments have affected the way she teaches in the classroom. Ms. Dufrene will not be offered as an expert witness. Notably, the Plaintiff's deadline for identification of expert witnesses was April 2, 2015.

1

The Plaintiff counters that the disclosure of the witness on the last day of the discovery period was timely and, thus, FRCP Rule 37(c)(1) is not implicated and, furthermore, because the witness is available for deposition before the hearing, the Defendants are not prejudiced.

I. **BACKGROUND**

Simply stated, Governor Jindal seeks injunctive relief from what is colloquially known as "Common Core". The hearing on the Governor's Petition for Injunction is scheduled on May 28, 2015. On the last day that "discovery [was] due"[7], Jindal supplemented his Rule 26 disclosures to name a previously undisclosed fact witness, Ms. Dufrene, whom he intends to call at the hearing.

II. **LAW AND ANALYSIS**

A. **The Federal Rules of Civil Procedure**

The Federal Rules of Civil Procedure require parties to disclose witnesses and documents that they *may* offer at trials or hearing early in the proceedings.[8] Parties are required to continually supplement their initial disclosures "in a timely manner."[9] Pursuant to Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[10]

---

[7] Rec. Doc. 37.
[8] Fed. R. Civ. P. 26(a)(1)(C).
[9] Fed. R. Civ. P. 26(e).
[10] Fed. R. Civ. P. 37(c)(1).

Defendants maintain that the Plaintiff's 11th hour disclosure of a previously unknown fact witness was untimely. Citing a case from the District Court of the Virgin Islands, Defendants argue that:

> Identifying new witnesses for the first time on the last day of the period for deposing such witnesses is not timely for the purposes of Rule 26(e) because it deprives the disclosing party's adversary of the opportunity to use the discovery process to learn what testimony the named witnesses might give.[11]

The Court finds the case relied upon by the Defendants factually distinguishable. In the *Century Aluminum* case the plaintiffs supplemented their initial disclosures on the last day of the discovery period identifying 118 new witnesses. In evaluating the final hour disclosure, the Virgin Islands District Court concluded that exclusion was required due to prejudice, because the opponent of the evidence had insufficient time to depose the newly identified witnesses.

The Federal Rules of Procedure require *timely* disclosure of witnesses. On April 2, 2015, the Magistrate Judge assigned to this case ordered that "Discovery was due by May 8, 2015".[12] The question presented is whether the disclosure of a witness on the last day of the Court ordered discovery deadline was timely.

B.  **The Local Rules of This Court**

This Court's Local Rule 26 provides guidance on what this District deems "timely" disclosure. Local Rule 26 requires that "[d]iscovery depositions must be completed before the discovery deadline."[13] Local Rule 26 further explains that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery

---

[11] Quoting, *Comm'r of the Dep't of Planning and Natural Resources v. Century Aluminum Co.*, No. 05-62, 2012 WL 2135287, *3 (D.V.I. June 13, 2012).
[12] Rec. Doc. 37
[13] Local Rule 26(d)(2)
3

deadline." Thus, it is quite clear that this Court's Local Rules require that discovery be complete by the discovery deadline. Hence, reading this Court's Local Rule 26, *in pari materia,* with Federal Rule of Procedure 26(e)'s requirement that witnesses be disclosed in a "timely manner", leads to the inescapable conclusion that parties are obliged to disclose witnesses in sufficient time to permit the witnesses deposition to be complete before the discovery deadline.

Giving mutual affect to Rule 26 of the Federal Rules of Procedure and this Court's Local Rule 26, the Court finds that disclosure of a fact witness on the last day that "discovery [was] due" was not timely.

### C. Sanction for Failure to Timely Disclose

Rule 37 of the Federal Rules of Civil Procedure require exclusion of an untimely named witness "unless the failure was substantially justified or is harmless."[14]

1. <u>Was the Untimely Disclosure Substantially Justified?</u>

Plaintiff argues that he "was not able to confirm the witness' availability and willingness to testify at the May 28 hearing until May 7." Plaintiff explained,

> During the course of preparing for the preliminary injunction hearing set for May 28, Plaintiff sought to obtain a fact witness who could testify as to how common core state standards and aligned-common assessments affect how and what is taught in the classroom. Shawna Dufrene, a fourth grade teacher in Lake Charles, Louisiana, was identified as someone who may be able to testify in this regard. Plaintiff's Counsel reached out to Ms. Dufrene but was unable to confirm her willingness and availability to testify at the May 28 hearing until the late afternoon of May 7.

In the Court's view, the Plaintiff was not justified in failing to disclose Ms. Dufrene as a "May Call" witness as soon as she was identified but before her willingness to testify and her availability could be confirmed. In fact, FRCP 26(a)(1)(A)(1) requires the

---
[14] Fed. R. Civ. P. 37(c)(1)

4

disclosure of witnesses who "the disclosing party *may* use to support its claims". (Italics added)

2. <u>Was Late Disclosure Harmless?</u>

Plaintiff maintains that the late timing of the disclosure is harmless because the Defendants may depose Ms. Dufrene before the hearing, whom the Plaintiff has offered to make available for deposition "either in person, by telephone or by video conferencing".[15] The Defendants counter that requiring them to take the deposition of this late proposed witness would "significantly reduce the already limited time available to Defendants to prepare for the evidentiary hearing."[16]

Consulting the Local Rules, the Court again finds guidance. As previously noted, this Court's Local Rules require that discovery depositions be completed by the discovery deadline. Implicitly, the Court recognizes that obliging parties to take discovery depositions in the waning days before trial may be counter-productive to effective trial preparation. Of course, under the Local Rules, the parties may consent to completing depositions after the discovery deadline, but the parties in this case have not done so.

Accordingly, the Court GRANTS the Defendant's *Motion to Exclude Late-Disclosed Witness Testimony*[17], and Ms. Dufrene will not be permitted to testify at the Preliminary Injunction Hearing on May 28, 2015.

Baton Rouge, Louisiana the 15 day of May, 2015.

*signature*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[15] Rec. Doc. 50, p. 6.
[16] Rec. Doc. 44-1, pp. 6-7.
[17] Rec. Doc. 44.

5